IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CV-320-BO

| | |
|---|---|
| BETTY R. HENRY,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>CAROLYN COLVIN,  )<br>Acting Commissioner of Social Security,  )<br>)<br>Defendant.  )<br>_____ ) | **O R D E R** |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 21 & 24]. A hearing on this matter was held in Raleigh, North Carolina on October 31, 2013 at 11:00 a.m. For the reasons discussed below, this matter is REMANDED for further consideration by the Commissioner.

## BACKGROUND

On January 22, 2009, plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act alleging an onset date of January 12, 2009. The claimant's application was denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") held a hearing on April 13, 2011, at which plaintiff, her non-attorney representative, and an impartial vocational expert appeared. On May 13, 2011 the ALJ issued his opinion that the plaintiff was not disabled within the meaning of the Act from January 12, 2009. On September 10, 2012 the Appeals Council denied the claimant's request for review, rendering the ALJ's decision the final decision of the Commissioner. The plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## MEDICAL HISTORY

Plaintiff was forty-six years old at the alleged onset of disability. She allegedly suffers from pulmonary embolism, diabetes mellitus, chronic obstructive pulmonary disease, obesity, a history of depression, and hypertension. Plaintiff's medical evidence in the record goes back to 2003 when she was hospitalized overnight for overnight psychiatric observation. (Tr. 283). In October 2004, plaintiff was hospitalized with a pulmonary embolus and was placed on lifetime blood thinners, diabetes, and anti-hypertensive medicines. In November 2004, she had a recurrent massive right-sided pulmonary embolus.

In 2005, after complaining of shortness of breath and chest pain, plaintiff was diagnosed with a left-side pulmonary embolus and was resumed on life-long blood thinners, diabetes and hypertension medications. (Tr. 363, 385). Plaintiff continued to follow up with the medical/surgical clinic at New Hanover from 2006 until the time of the ALJ hearing. She never seemed to gain control over her diabetes or hypertension. Plaintiff has reported being unable to afford her medication and poor dietary and medicine compliance. (Tr. 329, 332).

On January 12, 2009, she was again hospitalized, this time for increased leg swelling, weight gain, and atypical chest pain. (Tr. 332). On February 1, 2011, she reported flank pain, blood in urine and kidney failure of one year duration (Tr. 619).

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v.*

*Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Plaintiff first contends that this Court should remand this matter to the Commissioner pursuant to Sentence 6 of 42 U.S.C. 405(g) because there is newly discovered evidence. This Court disagrees. The Fourth Circuit has held that a court may remand a Social Security Case to the Secretary on the basis of newly discovered evidence if four prerequisites are met: (1) the

3

evidence must be relevant to the determination of disability at the time the application was first filed and not merely be cumulative, (2) it must be material to the extent that the Secretary's decision might reasonably have been different had the new evidence been before her, (3) there must be good cause for the claimant's failure to submit the evidence when the claim was before the Secretary, and (4) the claimant must present to the remanding court at least a general showing of the nature of the new evidence. *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985). Here, however, plaintiff has not demonstrated that she has good cause for failure to submit the evidence at an earlier date. Defendant's argument that plaintiff asked for additional time to supplement the record and was granted that time, and the fact that plaintiff could have submitted the additional evidence all the way up until the Appeals Council denied review is well received. The fact that plaintiff's initial representative was not an attorney is of no consequence as to the issue of good cause. The representative asked for and was granted a week to supplement the record before the ALJ. (Tr. 26). Further, plaintiff was represented by counsel when she requested the Appeals Council to review the ALJ's decision. (Tr. 127).

Plaintiff next contends that the ALJ erred by failing to make full and explicit findings. Plaintiff's argument is convincing regarding the ALJ's failure to discuss her nephrotic syndrome at all. Although most of the evidence regarding plaintiff's nephrotic syndrome was not before the ALJ, there was evidence of plaintiff's nephrotic range proteinuria. (Tr. 288, 378, 380–81, 619). The effect of all of a claimant's impairments must be considered in combination. *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). The ALJ did not mention nephrotic syndrome at all in the decision. It is impossible to tell whether there was substantial evidence to support the determination where there is not a full discussion of the impairments and symptoms. *Id.* Accordingly, this Court remands this matter to the Commissioner for a new hearing under

4

Sentence 4 to reexamine the evidence and to explain why nephrotic syndrome was not mentioned by the ALJ.

## **CONCLUSION**

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, defendant's motion is DENIED, and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED.

This 6 day of November, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5